UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
RENE D. EDWARDS,                         :
                                         :   Civ. No. 13-0448 (RBK)
                Plaintiff,               :
                                         :
        v.                               :   **OPINION**
                                         :
UNIVERSTIY OF MEDICANE AND               :
DENTISTRY OF NEW JERSEY, et al.,         :
                                         :
                Defendants.              :
_____      :

**ROBERT B. KUGLER, U.S.D.J.**

## I.     INTRODUCTION

Plaintiff is a state inmate confined at the Southern State Correctional Facility in Delmont, New Jersey. Plaintiff brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 and has submitted an application to proceed *in forma pauperis*. Based on the *in forma pauperis* application, the Court will grant plaintiff's application to proceed *in forma pauperis* and will order the Clerk to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed with leave to amend.

## II.    BACKGROUND

Plaintiff specifically names the University of Medicine and Dentistry of New Jersey and Denise Rogers as defendants in this action. Additionally, he asserts claims against two unnamed

1

surgeons, "ABC entities," "John Does," and all students who participated in two medical procedures performed on plaintiff. The following factual allegations are taken from the complaint and are accepted as true for purposes of screening the complaint.

Plaintiff alleges that he underwent oral surgery in January, 2012, to fix a broken jawbone. He contends that the first surgeon committed several errors during the surgery including installing a contaminated chin rod that was too short which caused a serious infection to develop. (*See* Dkt. No. 1 at p. 7.) He further alleges that he had to undergo a second surgery whereby the second surgeon placed in an extra-long rod, but that this rod has caused "permanent paralyses to his chin, lip and face." (*See id.* at p. 8.) He seeks compensation due to the permanent paralyses and disfigurement to his chin, lips and face as well as for pain and suffering. (*See id.* at p. 13.)

### III. STANDARD OF REVIEW

A. <u>Standards for *Sua Sponte* Dismissal</u>

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).  To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

  B.  Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

was committed or caused by a person acting under color of state law. *See Harvey v. Plains Tp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988)).

## IV. DISCUSSION

The Eighth Amendment's prohibition against cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009) ("The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health.") (internal quotation marks and citations omitted). In order to set forth a cognizable claim for violating his right to adequate medical care, plaintiff must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle*, 429 U.S. at 106; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the Eighth Amendment inquiry, the plaintiff must allege that his medical needs are serious. Indeed, as the Supreme Court has stated, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillman*, 503 U.S. 1, 9 (1992). A medical need is considered "serious" in satisfaction of the standard if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *See Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotation marks and citations omitted). Additionally, if unnecessary

4

and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment. *See id.*; *see also Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (Ambro, J. dissenting in part) (setting forth what constitutes a serious medical need).

The second element of the Eighth Amendment inquiry requires an inmate to allege that the prison official acted with deliberate indifference to his serious medical need. *See Natale*, 318 F.3d at 582. Deliberate indifference is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *Baker v. Williamson*, 453 F. App'x 230, 233 (3d Cir. 2011) (per curiam) ("Deliberate indifference requires a sufficiently culpable state of mind, such as reckless disregard to a substantial risk of serious harm to a prisoner.") (internal quotation marks and citation omitted).

Deliberate indifference has been found where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also Lopez v. Corr. Med. Servs., Inc.*, 499 F. App'x 142, 146 (3d Cir. 2012). "A deliberate indifference claim can also be made out against a supervisor, which requires showing that '(1) [the supervisor's policies] created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy [ ]." *Lopez*, 499 F. App'x at 146 (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001)).

In this case, plaintiff states that he suffered injuries during the course of his surgeries. Plaintiff's allegations, while they may lie in medical malpractice, do not allege that the defendants were deliberately indifferent to his serious medical needs. As previously stated, medical malpractice allegations are insufficient to state a cognizable action under § 1983. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) ("Allegations of medical malpractice are not sufficient to establish a Constitutional violation.") (citations omitted). The complaint alleges plaintiff's Eighth Amendment rights were violated when the surgeons erred during the course of performing surgery on plaintiff. However, as plaintiff's complaint makes clear, he was being treated for his condition, albeit purportedly negligently. The Court finds that plaintiff's allegations do not state an Eighth Amendment claim for deliberate indifference to a serious medical need. The complaint indicates that plaintiff was being treated for his medical needs. His claims, as alleged in the complaint, lie in medical malpractice or negligence, not in deliberate indifference to a serious medical need. The allegations of the complaint are insufficient to state a constitutional claim. *Accord Bramson v. Sulayman*, 251 F. App'x 84, 86 (3d Cir. 2007) (per curiam) ("Bramson's complaint makes clear that the defendant's treated him on many occasions. He claims those treatments proved ineffective and that defendants negligently failed to diagnose his heart condition, but those allegations do not state an Eighth Amendment claim.") (citing *Estelle*, 429 U.S. at 107-08 & n.16.) Nevertheless, because it is conceivable that plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, plaintiff shall be given leave to file an amended complaint.

On June 7, 2013, plaintiff filed an application for leave to file an amended complaint. He seeks to replace the "John Does" of his complaint with defendants James R. Gonzales, Acting President of the University of Medicine and Dentistry of New Jersey as well as Lester Aron,

Acting Vice-President of the University of Medicine and Dentistry of New Jersey. He seeks to add these defendants as they are purportedly responsible for the operation and procedure of the University. In any amended complaint that plaintiff may elect to submit, it is worth noting that Section 1983 does not support a claim based on *respondeat superior* liability. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Instead, a plaintiff must allege that a supervisor had a personal involvement in the alleged wrongs. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also In re Bayside Prison Litig.*, Civ. No. 97-5127, 2007 WL 327519, at *5 (D.N.J. Jan. 30, 2007). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. *See Rode*, 845 F.2d at 1207; *see also Baker v. Monroe Tp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995); *Jackson v. Camden Cnty. Corr. Facility*, Civ. No. 12-7538, 2013 WL 1844636, at *3 n.1 (D.N.J. Apr. 29, 2013). Plaintiff fails to show the personal involvement of these two defendants. Accordingly, his application for leave to file an amended complaint will be denied without prejudice.

Additionally, the Court notes that the University of Medicine and Dentistry of New Jersey is not a proper defendant in this action. *See Okpor v. Kennedy Health Sys.*, Civ. No. 10-1012, 2010 WL 3522784, at *5 (D.N.J. Sept. 2, 2010) ("Kennedy is dismissed from Plaintiff's § 1983 claim because the hospital is not considered as a 'person' subject to liability pursuant to § 1983.") (citing *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989)). Thus, the claims as to this defendant will be dismissed with prejudice.

V.     APPLICATIONS FOR APPOINTMENT OF COUNSEL

Petitioner has filed two applications for the appointment of counsel. (*See* Dkt. Nos. 3 & 5.) Indigent persons raising civil rights claims have no absolute constitutional right to counsel.

*See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  In determining whether to appoint counsel, a court considers the following:  (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993); *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors).  Applying these factors to this case, the Court will deny plaintiff's request for the appointment of counsel without prejudice.  The complaint has been screened and dismissed without prejudice for failing to state a claim.  Furthermore, this case is at its initial stages making several of the factors outlined above difficult to evaluate.  *See Miller v. New Jersey Dep't of Corr.*, Civ. No. 08-3335, 2009 WL 482379, at *15 (D.N.J. Feb. 25, 2009) (citing *Chatterjee v. Phila. Fed'n of Teachers*, Civ. Nos. 99-4122, 99-4233, 2000 WL 1022979 (E.D. Pa. July 18, 2000)).

## VI.    REQUEST FOR EMERGENCY COURT ORDER

Plaintiff has also filed a request for an emergency court order to be "seen at Cooper Hospital for a (3rd) 'surgery.'"  (*See* Dkt. No. 2 at p. 1.)  The court construes the request as a motion for a preliminary injunction.  To secure the extraordinary relief of a preliminary injunction, a plaintiff must demonstrate that "'(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest.'"  *Bragg v. Balicki*, Civ. No. 10-3803, 2011 WL 734705, at *3 (D.N.J. Feb. 22, 2011) (citing *Maldonaldo v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998) (as to preliminary injunction); *Ballas v. Tedesco*, 42 F. Supp. 2d

8

531, 537 (D.N.J. 1999) (as to temporary restraining order)). A preliminary injunction grants "intermediate relief of the same character as that which may be granted finally." *De Beers v. Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam); *see also Glazewski v. Corzine*, Civ. No. 06-4107, 2008 WL 2915482, at *1 (D.N.J. July 25, 2008); *Schwartz v. United States Dep't of Justice*, Civ. No. 06-5581, 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007). Furthermore, "[a] plaintiff must establish that all four factors favor preliminary relief." *Bragg*, 2011 WL 734705, at *3 (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187 (3d Cir. 1990)); *Niblack v. Albino*, No. 09-428, 2010 WL 3908539, at *2 (D.N.J. Sept. 28, 2010) (citation omitted).

In this case, plaintiff's motion for emergency relief will be denied. The court has screened the complaint and determined that it failed to state a claim. Accordingly, plaintiff fails to show a likelihood of success on the merits to warrant granting emergency relief.

## VII. DISCOVERY REQUEST

Plaintiff has also filed a discovery request which seeks, among other things the names of the surgeons who performed plaintiff's jawbone replacement on January 4, 2012 and March 30, 2012. (*See* Dkt. No. 6 at p. 1.) Plaintiff's complaint is being dismissed because the complaint's allegations as stated in the complaint only allege negligence. Thus, plaintiff's discovery requests will also be denied as he has failed to allege a constitutional claim.

## VIII. CONCLUSION

For the reasons set forth above, the claims against defendant the University of Medicine and Dentistry of New Jersey will be dismissed with prejudice and the remainder of the complaint

9

will be dismissed without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Because it is possible that plaintiff may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted herein, he will be granted leave to move to re-open this action and to file an amended complaint. If plaintiff chooses to file an amended complaint, it should be complete on its face because an amended complaint supersedes the original complaint.

DATED: September 12, 2013

                                        <u>s/Robert B. Kugler</u>
                                        ROBERT B. KUGLER
                                        United States District Judge