UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
RENE D. EDWARDS,                              :
                                              :
                Plaintiff,                    :       Civ. No. 13-0448 (RBK)
                                              :
        v.                                    :       **OPINION**
                                              :
FIRST SURGEON ("A") OF U.M.D.N.J., et al.,    :
                                              :
                Defendants.                   :
_____       :

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Plaintiff is an inmate currently incarcerated at New Jersey State Prison in Trenton, New Jersey.  He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. On September 12, 2013, this Court screened the original complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and dismissed it without prejudice for failure to state a claim.  The Court gave plaintiff leave to file a motion to reopen if he submitted an amended complaint that corrected the deficiencies of the original complaint.  Plaintiff has since filed two motions to reopen, both of which attach an identical amended complaint.  The motions to reopen will be granted and the Clerk will be ordered to file the amended complaint in plaintiff's second motion to reopen.

At this time, the Court must again review the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the reasons set forth below, the amended complaint will be dismissed with leave to amend.

## II.     BACKGROUND

The allegations of the amended complaint will be construed as true for purposes of this screening.  Plaintiff names the following defendants in his amended complaint:  (1) Surgeon A - University of Medicine and Dentistry of New Jersey ("UMDNJ"); (2) Surgeon B – UMDNJ; (3) Denise Rodgers – President UMDNJ; (4) James Gonzales – Acting President UMDNJ; and (5) Unnamed John Doe Students 1-20.

Plaintiff was taken to UMDNJ in January, 2012 to have surgery on his broken jawbone. Plaintiff alleges that Surgeon A committed errors during the surgery which included installing a contaminated chin rod that was too short.  This caused plaintiff to develop a "large dripping hole" from his chin area where an infection then developed.  Plaintiff alleges that students assisted this surgeon in this first surgery.

Subsequently, Surgeon B performed a second surgery on plaintiff to correct the errors of the first surgery.  Plaintiff claims that this surgeon committed malpractice by causing permanent injuries and nerve damage to his lips, chin, face and inside his mouth and did not stop the pain that arose from his first surgery.

Plaintiff alleges that Denise Rogers is the president of UMDNJ and is responsible for the operation of the hospital as well as the safety and welfare of the patient.  Plaintiff states that she created an unreasonable risk of harm to plaintiff as she was fully aware that the hospital permitted active student participation in plaintiff's surgeries.  James Gonzales is purportedly the acting president at UMDNJ.

Plaintiff seeks monetary damages in the amount of $10 million in compensatory damages and $10 million in punitive damages against the defendants.

### III.   STANDARD OF REVIEW

A. <u>Standard for *Sua Sponte* Dismissal</u>

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

   B.  <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law.  *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.    DISCUSSION

The amended complaint suffers from similar defects as does the original complaint. However, for purposes of completeness, the Court will reiterate those defects so that plaintiff can attempt to correct them in any potential second amended complaint he may elect to file.

The amended complaint asserts that the defendants are liable because they violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment when they

were deliberately indifferent to his serious medical needs.  To state such a claim under the Eighth

Amendment:

> a prisoner must demonstrate "(1) that defendants were deliberately
> indifferent to [his] medical needs and (2) that those needs were
> serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
> Deliberate indifference requires proof that the official "knows of
> and disregards an excessive risk to inmate health or safety."
> *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir.
> 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).
> We have found deliberate indifference where a prison official:
> "(1) knows of a prisoner's need for medical treatment but
> intentionally refuses to provide it; (2) delays necessary medical
> treatment based on a nonmedical reason; or (3) prevents a prisoner
> from receiving needed or recommended treatment." *Rouse*, 182
> F.3d at 197.  Deference is given to prison medical authorities in the
> diagnosis and treatment of patients, and courts "disavow any
> attempt to second-guess the propriety or adequacy of a particular
> course of treatment. . . (which) remains a question of sound
> professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*,
> 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551
> F.2d 44, 48 (4th Cir. 1977)).  Allegations of negligent treatment or
> medical malpractice do not trigger constitutional protections.
> *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam).  The Third Circuit has also

noted that deliberate indifference can be found "where the prison official persists in a course of

treatment in the face of resultant pain and risk of permanent injury."  *See McCluskey v. Vincent*,

505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted).  "A

medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is

so obvious that a lay person would easily recognize the necessity for a doctor's attention.'"  *See*

*Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (per curiam) (quoting *Atkinson v.*

*Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*,

834 F.2d 326, 347 (3d Cir. 1987))).  "A deliberate indifference claim can also be made out

against a supervisor, which requires showing that '(1) [the supervisor's policies] created an

unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy [ ]." *Lopez v. Corr. Med. Servs., Inc.*, 499 F. App'x 142, 146 (3d Cir. 2012) (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001)).

A. Claims Against Surgeons A & B

Plaintiff's claims against unnamed Surgeons A & B fail to state a claim. As noted in *supra* Part II, plaintiff claimed that Surgeon A installed a contaminated and short chin rod during his first surgery and that Surgeon B did not correct this error and caused nerve damage to plaintiff during the second surgery. Additionally, plaintiff alleges that Surgeon A permitted students to "practice in patient mouth." (Dkt. No. 22 at p. 4.)

The fact that Surgeon A allegedly inserted a contaminated and short rod in plaintiff's mouth that caused him injury is unfortunate. However, plaintiff fails to show that Surgeon A acted with deliberate indifference by knowingly and purposefully inserting a rod he knew to be contaminated or knew to be too short into plaintiff's mouth as well as the alleged fact that he permitted students to be involved in the surgery. Furthermore, the alleged facts that Surgeon B did not correct the errors from the first surgery and caused plaintiff nerve damage during the second surgery also do not state with facial plausibility that Surgeon B acted with deliberate indifference. Instead, these allegations only rise to the level of medical malpractice, which are insufficient to state a cognizable deliberate indifference to a serious medical need claim under § 1983. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) ("Allegations of medical malpractice are not sufficient to establish a Constitutional violation.") (citations omitted); *see also Bramson v. Sulayman*, 251 F. App'x 84, 86 (3d Cir. 2007) (per curiam) ("Bramson's complaint makes clear that the defendant's treated him on many occasions. He claims those

treatments proved ineffective and that defendants negligently failed to diagnose his heart condition, but those allegations do not state an Eighth Amendment claim.") (citing *Estelle*, 429 U.S. at 107-08 & n. 16.)

Because it is conceivable that plaintiff may be able to amend his complaint with facts sufficient to overcome the deficiencies against these two defendants, he shall be given leave to submit a second amended complaint.

B. <u>Claims Against Denise Rodgers & James R. Gonzales</u>

Plaintiff claims that Denise Rodgers is liable as she created an unreasonable risk by permitting a hospital policy that allowed students to participate in plaintiff's surgical procedure. The amended complaint, as alleged, fails to state a deliberate indifference claim against Rodgers. Plaintiff states in conclusory fashion that Rodgers was aware that an unreasonable risk was created by having students participate in plaintiff's surgery.  The alleged fact that students participated in plaintiff's surgery does not, in and of itself, state with facial plausibility that Rodgers was aware that their participation created an unreasonable risk to plaintiff and that she was deliberately indifferent to that risk.  Furthermore, plaintiff fails to allege that his purported injuries from the surgeries resulted from having students be active participants in his surgery. Indeed, the amended complaint alleges that Surgeon A was actually the one who placed the contaminated and incorrect size rod into his mouth which caused his injuries, not anything students purportedly did during his surgeries.  Therefore, plaintiff fails to state a supervisor deliberate indifference claim against Rodgers.  Plaintiff can attempt to correct these deficiencies as to his claim against Rodgers in any second amended complaint he may elect to file.

Plaintiff also names as a defendant James Gonzales who is the acting president of UMDNJ.  Besides this, the amended complaint is devoid of factual allegations connecting

Gonzales to plaintiff's injuries.  Plaintiff may be attempting to assert a deliberate indifference claim against Gonzales (as well as Rodgers) based on a *respondeat superior* theory of liability. However, section 1983 does not support a claim based on *respondeat superior.  See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  Instead, a plaintiff must allege that a supervisor had a personal involvement in the alleged wrongs.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also In re Bayside Prison Litig.*, Civ. No. 97-5127, 2007 WL 327519, at *5 (D.N.J. Jan. 30, 2007). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  *See Rode*, 845 F.2d at 1207; *see also Baker v. Monroe Tp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995); *Jackson v. Camden Cnty. Corr. Facility*, Civ. No. 12-7538, 2013 WL 1844636, at *3 n.1 (D.N.J. Apr. 29, 2013).  Plaintiff fails to state the personal involvement of Gonzales in this case.  He can correct this deficiency in any second amended complaint he may elect to file.

C.   Claims Against Unnamed Students

Plaintiff also fails to state a claim against the unnamed students under § 1983.  While he alleges that they were purportedly involved in his surgery, he does not allege how they acted with deliberate indifference to his serious medical needs.  While plaintiff's states that they were involved in his surgery, plaintiff also states that it was Surgeon A that purportedly placed the contaminated and short rod into his mouth during surgery.  As previously stated, however, even this allegation is insufficient to state a deliberate indifference claim as those facts as alleged only rise to the level of medical malpractice.  Thus, plaintiff's claims against the unnamed students will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

Plaintiff can attempt to correct these deficiencies in any second amended complaint he may elect to file.

  D.  State Law Claims

      Plaintiff may be pursuing state law claims in the complaint as well as his deliberate indifference federal claims.  Indeed, he argues that the surgeons committed medical malpractice which would constitute a claim under state law.  This Court has original federal question jurisdiction over plaintiff's § 1983 claims because they arise under the Constitution and the laws of the United States.  *See* 28 U.S.C. § 1331.  Any state law claims may therefore be asserted pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.  However, when a court has dismissed all claims over which it had original jurisdiction, the supplemental jurisdiction statute grants discretion to decline supplemental jurisdiction over the remaining state law claims.  *See Alson v. Kean Univ.*, 549 F. App'x 86, 89 (3d Cir. 2013) (per curiam) (stating that District Court acted within its discretion in declining supplemental jurisdiction over state law claims when federal claims had been dismissed) (citing 28 U.S.C. § 1367(c)(3); *Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 181 (3d Cir. 1999)).  As plaintiff's federal claims have been dismissed at this early screening stage, the Court will decline to exercise supplemental jurisdiction over plaintiff's state law claims.

  E.  Application for Appointment of Counsel

      Plaintiff has requested the appointment of counsel.  (*See* Dkt. No. 18 at p. 24-27.) Indigent persons raising civil rights claims have no absolute constitutional right to counsel.  *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be

necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993); *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors). Applying these factors to this case, the Court will deny plaintiff's request for the appointment of counsel without prejudice.  The amended complaint has been screened and will be dismissed without prejudice for failing to state a claim.  Furthermore, this case is at its initial stages making several of the factors outlined above difficult to evaluate.  *See Miller v. New Jersey Dep't of Corr.*, Civ. No. 08-3335, 2009 WL 482379, at *15 (D.N.J. Feb. 25, 2009) (citing *Chatterjee v. Phila. Fed'n of Teachers*, Civ. Nos. 99-4122, 99-4233, 2000 WL 1022979 (E.D. Pa. July 18, 2000)).

F.  <u>Discovery Motions</u>

Plaintiff has also filed three discovery motions requesting the production of documents as well as an order for interrogatories.  (*See* Dkt. Nos. 19, 20 & 21.)  As plaintiff has failed to state a claim, these discovery motions will be denied as they are premature.  Furthermore, it is worth noting that if/when this case moves into the discovery phase, "a party filing a motion to compel discovery must first have actually served a discovery request upon the adverse party; if that party fails to adequately respond to discovery, and after the litigants have conferred about that failure without resolving the discovery dispute, only then can a motion be made to seek a court order compelling discovery[.]"  *Castro v. Albert C. Wagner Youth Corr. Facility*, No. 07-4958, 2009 WL 2231264, at *2 n. 2 (D.N.J. July 22, 2009) (citing Fed. R. Civ. P. 37; L.Civ.R. 37.1).

G. Request for Court Hearing

Finally, plaintiff has requested a hearing and/or an order to have the defendants answer the complaint.  (*See* Dkt. No. 23.)  As plaintiff's amended complaint has failed to state a federal claim upon which relief can be granted, his request for a hearing and/or to have the defendants answer the complaint will be denied at this time.  Additionally, the motion also requests medical records.  This is a discovery request that will be denied for the reasons stated in *supra* Part IV.F.

## V.     CONCLUSION

For the foregoing reasons, the federal claims in the complaint will be dismissed without prejudice for failure to state a claim and the Court will decline to exercise supplemental jurisdiction over the state law claims.  An appropriate order will be entered.


DATED:  May 7, 2014

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge