UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RENE D. EDWARDS, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 13-0448 (RBK) |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF MEDICINE AND | : | **MEMORANDUM AND ORDER** |
| DENTISTRY OF NEW JERSEY, et al., | : | |
| | : | |
| Defendants. | : | |

Plaintiff is proceeding with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. On September 12, 2013, this Court screened plaintiff's original complaint and dismissed it without prejudice. Subsequently, on May 8, 2014, this Court screened plaintiff's amended complaint and again dismissed it without prejudice for failure to state claim.

Thereafter, plaintiff filed a motion for the appointment of pro bono counsel which was granted on January 26, 2015. Appointed counsel was then ordered to file a proposed amended complaint within forty-five days after he filed a notice of appearance.

Appointed counsel, Douglas F. Johnson, Esq., filed a notice of appearance on behalf of plaintiff on May 11, 2015. Subsequently, appointed counsel received several extensions of time in which to file a proposed amended complaint on plaintiff's behalf. However, on February 16, 2016, Mr. Johnson filed a motion to withdraw as plaintiff's appointed counsel. The motion stated that Mr. Johnson was unable to file a proposed amended complaint on behalf of plaintiff pursuant to Federal Rule of Civil Procedure 11.[1]

---

[1] Federal Rule of Civil Procedure 11(b) states as follows:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of

On April 5, 2016, this Court conducted a hearing on the motion to withdraw. On April 8, 2016, this Court granted Mr. Johnson's motion to withdrawal as appointed attorney for plaintiff.

On April 15, 2016, this Court received another motion for the appointment of counsel from plaintiff. (*See* Dkt. No. 45) Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Furthermore, in determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155-56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir.

---

the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11.

2011) (reiterating the *Tabron* factors). Additionally, the power to grant appointment of counsel lies solely with the discretion of this Court. *See id.* Appointing counsel may be made at any point during the litigation *sua sponte* or by granting a party's motion. *See Tabron*, 6 F.3d at 156.

Counsel was previously appointed to represent plaintiff. However, after communicating with plaintiff, appointed counsel represented to this Court that he could not file an amended complaint on behalf of plaintiff based on Federal Rule of Civil Procedure 11.

At the present time, there is no outstanding operative complaint for this Court to determine whether plaintiff's claims has some merit. Additionally, plaintiff has now been released from prison such that it should presumably be easier for plaintiff to retain counsel on his behalf. Furthermore, plaintiff's previously appointed counsel was unable to file a complaint on his behalf pursuant to Rule 11. Therefore, after analyzing the relevant factors outlined above based on these circumstances, this Court will deny plaintiff's motion for the appointment of counsel. Plaintiff shall have one last time in which to a proposed amended complaint that states a claim upon which relief may be granted.

Accordingly, IT IS this  17th  day of October, 2016,

ORDERED that plaintiff's motion for the appointment of counsel (Dkt. No. 45) is denied; and it is further

ORDERED that plaintiff shall have one final time in which to file a proposed amended complaint subject to this Court's screening within thirty (30) days of the date of this Order; and it is further

ORDERED that the Clerk shall serve this Order on plaintiff by regular U.S. mail.

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge